# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CALBERT TURNER,

                    Plaintiff,

v.                                                          Case No. 18-CV-1618-JPS

AURORA HEALTH CENTER, AURORA
HEALTH PHARMACY, and                                       **ORDER**
UNKNOWN RECEPTIONIST,

                    Defendants.

On October 12, 2018, Plaintiff filed a *pro se* complaint alleging racial discrimination against several related health care providers, including Aurora Health Center, Dr. Michael Pothen, his receptionist (unnamed) and Aurora Health Pharmacy. (Docket #1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). The case was randomly assigned to Magistrate Judge Nancy Joseph.  The magistrate first determined that Plaintiff was indigent for purposes of proceeding without prepayment of the filing fee. (Docket #3 at 1–2). At the same time, she also determined that Plaintiff's complaint failed to state a claim for which relief may be granted. *Id*. at 3. The magistrate then granted Plaintiff leave to file an amended complaint within 30 days following her order or the action would be dismissed. *Id*. at 4.

On November 16, 2018, Plaintiff timely filed an amended complaint alleging discrimination on the basis of race while confining his allegations to Aurora Health Center, Aurora Health Pharmacy, and the unknown receptionist during the period of October 10 to October 24, 2016. (Docket #5 at 2–3). On November 20, 2018, the case was reassigned to this branch of the Court for further processing, including screening of the amended complaint. (Docket #5).

The Court now turns to the task of screening Plaintiff's amended complaint to determine whether to authorize the litigant to proceed *in forma pauperis*, and to

determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.C.S. §1915(e)(2)(B)(i)–(iii).

To authorize a litigant to proceed *in forma pauperis*, the Court must determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

At the outset, the Court concurs with the magistrate's finding that Plaintiff is indigent for the purpose of the *in forma pauperis* statute, given that his monthly income from Social Security Disability is $824.00, his monthly expenses total approximately $800.00, and he only has approximately $400.00 in assets. (Docket #2 at 2–3). However, Plaintiff's amended complaint fairs no better than his original complaint. For in the final analysis, the Court is obliged to conclude that he has not adequately stated a claim for which relief may be granted.

Plaintiff states that an unknown receptionist did not take his complaints about a drug's effects seriously, and that she made a joke about his pain and poor health. (Docket #5 at 4, 6). Plaintiff alleges that he was treated unfavorably, hated, and harassed due to his skin color. *Id.* at 3. 42 U.S.C. §2000a prohibits racial discrimination in public accommodations. However, Plaintiff has not alleged any facts that would allow the Court to infer that his alleged poor treatment was motivated by racial discrimination. There are no allegations that the joke was about his race, nor are there any other facts to support the inference that Plaintiff was treated a certain way because of his race. Therefore, the Court must deny his request to proceed *in forma pauperis* and dismiss this action for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that the motion to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) because the amended complaint (Docket #5) fails to state a claim upon which relief may be granted.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge